United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41710
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MARCUS WASHINGTON

Defendant - Appellant

----------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CR-32-1
----------------------

Before KING, Chief Judge and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marcus Washington appeals from his jury-verdict conviction
for conspiracy to distribute and possess with intent to
distribute 50 grams or more of crack cocaine. He first argues
that his sentence is invalid pursuant to Blakely v. Washington,
124 S. Ct. 2531 (2004). In United States v. Pineiro, 377 F.3d
464, 465-66 (5th Cir. 2004), petition for cert. filed, (U.S. July
14, 2004) (No. 04-5263), this court held that "Blakely does not
extend to the federal Guidelines." Washington acknowledges that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his instant argument is foreclosed by <u>Pineiro</u> but urges that we reconsider <u>Pineiro</u>'s holding.  A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court.  <u>United States v. Lipscomb</u>, 299 F.3d 303, 313 n.34 (5th Cir. 2002).  Washington's <u>Blakely</u> argument does not warrant relief.

Washington also contends that the evidence produced at trial was insufficient to support the jury's verdict.  Because Washington has not shown that the coconspirator testimony produced at trial was incredible as a matter of law, his challenges on grounds of credibility and lack of corroboration fail.  See <u>United States v. Gadison</u>, 8 F.3d 186, 190 (5th Cir. 1993); <u>United States v. Greenwood</u>, 974 F.2d 1449, 1457 (5th Cir. 1992).  Moreover, examination of the record shows that a rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt.  See <u>Jackson v. Virginia</u>, 443 U.S. 307, 318 (1979).

Accordingly, the district court's judgment of conviction is AFFIRMED.